IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| IAN BRANDON,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>DR. KOHUT,<br><br>　　　　Defendant. | CV 16-00068-H-DLC-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Ian Brandon filed a Complaint under 42 U.S.C. § 1983 alleging his constitutional rights were violated during a medical examination by Dr. Kohut. (Doc. 2.) The Complaint fails to state a claim upon which relief may be granted and should be dismissed.

## I. STATEMENT OF THE CASE

### A. Parties

Mr. Brandon is a state prisoner proceeding without counsel. He is incarcerated at Montana State Prison ("MSP"). He names Dr. Kohut as the only Defendant.

### B. Facts

On June 2, 2016, Mr. Brandon was called to medical for an examination of a hernia and a pinched nerve in his lower back. He was seen by Dr. Kohut and a

1

female nurse. While Dr. Kohut was examining Mr. Brandon's back he had him strip down to his shorts and touch his toes while he grabbed Mr. Brandon by the waist from behind. Dr. Kohut then asked Mr. Brandon to drop his shorts while he checked for a hernia. Dr. Kohut checked one side and while moving to the other side he "flicked" Mr. Brandon's penis with his index finger. Mr. Brandon alleges this constituted a sexual assault upon his person. (Complaint, Doc. 2 at 6.)

As a result of this incident, Mr. Brandon alleges he suffered panic attacks, humiliation, mental stress, duress, loss of appetite, loss of sleep, and migraine headaches. He states that his hernia is getting worse but he is afraid to go back to medical because he fears that he might be sexually assaulted again. (Complaint, Doc. 2 at 6.)

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

### A. Standard

As Mr. Brandon is a prisoner proceeding in forma pauperis, the Court must screen his Complaint under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. These statutes require the Court to review a prisoner's complaint and dismiss it or portions there of before it is served upon the defendants if it finds that the complaint is "frivolous," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune." A complaint is

frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2). In order to satisfy the requirements in Rule 8 a complaint's allegations must cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual

3

allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (citing Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *Cf*. Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

**B. Analysis**

The Eighth Amendment prohibits cruel and unusual punishment in penal institutions. Sexual abuse in prison is viewed through the Eighth Amendment's ban on cruel and unusual punishment. Whether a specific act constitutes cruel and unusual punishment is measured by "the evolving standards of decency that mark the progress of a maturing society." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). "Sexual harassment or abuse of an inmate by a corrections officer is a violation of

4

the Eighth Amendment." *Wood v. Beauclair*, 692 F.3d 1041, 1045-46 (9th Cir. 2012) (citing *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000) ("In the simplest and most absolute of terms . . . prisoners [have a clearly established Eighth Amendment right] to be free from sexual abuse . . . ")). This is so even without evidence of physical injury because,

> at its core, the Eighth Amendment protects 'the basic concept of human dignity' and forbids conduct that is 'so totally without penological justification that it results in the gratuitous infliction of suffering.'. . . We have previously held that a sexual assault on a prisoner by a prison guard is always 'deeply offensive to human dignity' and is completely void of penological justification.

*Id.* at 1050-51.

Yet, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The "core judicial inquiry" focuses on ". . . the nature of the force–specifically, whether it was nontrivial and "was applied . . . maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7; *Wilkins v. Gaddy*, 559 U.S. 34, 39 (2010). In the Ninth Circuit, a brief inappropriate touching by a correctional official has generally been found to be noncognizable, especially if the alleged touching took place pursuant to an authorized search. "Even if plaintiff believed that there was a sexual aspect to the search, more is needed." *Smith v. Los Angeles County*, No. CV

5

07-7028-VAP (MAN), 2010 WL 2569232, *5 (C.D. Cal. 2010); *adopted in full* 2010 WL 2572570 (C.D. Cal. 2010); aff'd 452 Fed. Appx. 768 (9th Cir. 2011). Thus, to support a cognizable Eighth Amendment claim based on a body search, the plaintiff must allege a risk of harm beyond a "momentary discomfort." *Jordan v. Garnder*, 986 F.2d 1521, 1526 (9th Cir. 1993); *see also Wood v. Beauclair*, 692 F.3d 1041 (in evaluating a prisoner's claim, courts will consider whether the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation); *Somers v. Thurman*, 109 F.3d 614, 624 (9th Cir. 1997) (as amended); *see also Berryhill v. Schriro*, 137 F.3d 1073, 1076 (8th Cir. 1998) (holding that not all "unwelcome touches amount[ ] to unnecessary and wanton infliction of pain," and that prison maintenance employees' conduct of briefly touching an inmate's buttocks, unaccompanied by any sexual comments or banter, was not sexual assault required to support the inmate's Eighth Amendment claim, as the touching lasted only seconds, and the inmate believed the employees were trying to embarrass him, not rape him); *Fisher v. Dizon*, 2008 WL 619149 (E.D. Cal March 4, 2008) (a guard's act of poking an inmate twice in the buttocks was de minimis and was not an act of cruel and unusual punishment).

Although the alleged touching in this case occurred during a medical examination and not an actual search, the same premise applies. The "force" that

6

Mr. Brandon describes was applied fleetingly and it was during the course of a medical examination. It does not appear severe enough to be objectively sufficiently serious or egregious to state a constitutional violation. There are no facts alleged to suggest that Dr. Kohut intended to sexually assault Mr. Brandon or that the touching was anything more than inadvertent. The allegations of this case are not sufficient enough to permit the Court to infer more than the mere possibility of misconduct. *Iqbal*, 556 U.S. at 679. As such, they do not meet the minimum allegation of force required to state a claim under 42 U.S.C. § 1983 for violation of Eighth Amendment rights.

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1. Mr. Brandon's Complaint should be DISMISSED WITH PREJUDICE for failure to state a claim. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendant pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes

plain the instant Complaint lacks arguable substance in law or fact.

3. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Mr. Brandon failed to state a claim upon which relief may be granted.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Brandon may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 19th day of May 2017.

                                        */s/ John Johnston*
                                        John Johnston
                                        United States Magistrate Judge

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.